# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ROBERT VOELKER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant.<br>_____/ | Case No. 1:22-cv-00301-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Doc. 21) |

After successfully obtaining reversal of an Administrative Law Judge's ("ALJ") decision denying his application for Social Security disability benefits, Plaintiff filed an application for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $8,260.06 and costs pursuant to 28 U.S.C. § 1920 in the amount of $402.00. (*See* Doc. 21.) On August 2, 2023, Defendant filed an opposition asserting Plaintiff is not entitled to fees under the EAJA because Defendant's position was substantially justified. (Doc. 24.)

For the reasons set forth below, Plaintiff's application for EAJA fees is GRANTED.

## I.　　BACKGROUND

Plaintiff filed this action on March 14, 2022, seeking judicial review of a final administrative decision denying his application for Social Security disability benefits. (Doc. 1.) On April 24, 2023, the Court issued an order reversing the ALJ's decision and remanding the case for further proceedings based on the ALJ's error in assessing the persuasiveness of one of two medical opinions by Avni Amin, M.D., internal medicine physician. (Doc. 19.)

On July 24, 2023, Plaintiff filed a motion for EAJA fees, contending he is the prevailing party in this litigation and seeking an award of $8,260.06 in EAJA fees and $402.00 in costs. (*See* Doc. 21.) Defendant timely filed an opposition. (Doc. 24.) It is Plaintiff's motion for attorney's fees under the EAJA and costs that is currently pending before the Court.

## II.     LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir.1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

## III.     ANALYSIS

There is no dispute Plaintiff is the prevailing party in this litigation. Moreover, the Court

finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. The Court thus considers below whether Defendant's actions were substantially justified.

**A.     The Government's Position was Not Substantially Justified**

Defendant contends that at the time this case was litigated, there was no regulatory guidance explaining how multiple opinions from a single source should be considered together. (Doc. 24 at 5.) In light of the revised regulations surrounding the agency's consideration of medical opinions, Defendant asserts that it was reasonable for the ALJ to only address the only one of the opinions to fulfill regulatory expectations. (*Id*. at 5 n.1.) Accordingly, Defendant's position is that the Court should find that the agency and litigation position were substantially justified and deny an award of attorney's fees. (*Id*. at 7.) Defendant has no opposition to the award of $402 in costs. (*Id*.)

A position is "substantially justified" if it has a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantially justified has been interpreted to mean "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565–66; *see also Marolf*, 277 F.3d at 161. In considering whether the position of the government is substantially justified, the position of the United States includes "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). In the social security context, it is the ALJ's decision that is considered the "action or failure to act" by the agency. *Id.* Under the substantial justification test, the court first considers the ALJ's decision and then considers the government's litigation position in defending that decision. *Id.* Where the underlying ALJ decision is not substantially justified, a court need not address whether the government's litigation position was justified. *Id.* at 872 (citing *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) ("The government's position must be substantially justified at each stage of the proceedings") (internal quotation marks and citation omitted)). The burden of establishing substantial justification is on the government. *Gutierrez*, 274 F.3d at 1258.

The Ninth Circuit has held that a "holding that the agency's decision . . . was unsupported

by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." *Meier*, 727 F.3d at 872 (citations omitted).  Here, the Court found that the ALJ erred by failing to assess one of Dr. Amin's medical opinions, which was retrospectively offered and relevant to the time period at issue. (Doc. 19 at 11–12.)  An ALJ's failure to correctly assess relevant medical opinions and rendering a decision that is not supported by substantial evidence are the types of fundamental agency errors that are difficult to consider substantially justified. *See Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States'. . . was not substantially justified"); *Kirk v. Berryhill*, 244 F. Supp. 3d 1077, 1081 (E.D. Cal. 2017) ("[W]hen the government violates its own regulations, fails to acknowledge settled circuit case law, or fails to adequately develop the record, its position is not substantially justified.") (citing *Gutierrez*, 274 F.3d at 1259–60 and *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995)); *see, e.g., Hernandez v. Kijakazi*, No. 1:19-cv-01621-HBK, 2022 WL 9452249, at *1 (E.D. Cal. Oct. 14, 2022) (awarding EAJA fees where, *inter alia*, the ALJ's rejection of the medical opinion evidence was not supported by substantial evidence).

        Defendant contends that its position was substantially justified because, considering the language of the revised regulations and the "absence of binding precedent," there was a reasonable basis to believe that the ALJ was not required to separately address both of Dr. Amin's opinions. (Doc. 24 at 4–5.) "[T]he policy goal of EAJA is to encourage litigants to vindicate their rights where any level of the adjudicating agency has made some error in law or fact and has thereby forced the litigant to seek relief from a federal court." *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007). However, despite the revised regulations, the case law was clear at the time that the ALJ issued their opinion that retrospective medical reports "containing observations made after the period for disability are relevant to assess the claimant's disability." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988); *see also Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1228–29 (9th Cir. 2010) ("[E]vidence post-dating the [date last insured] is probative of . . . pre-[date last insured] disability."); *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) ("[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition.") (quoting *Smith*, 849 F.2d at

1225). Specifically, where medical opinions "refer back" to the same chronic condition and symptoms discussed in a physician's opinion "from several years prior," the "fact that those opinions were issued significantly after [the plaintiff's] [date last insured] does not undercut the weight those opinions are due." *Svaldi v. Berryhill*, 720 F. App'x 342, 343–44 (9th Cir. 2017).

Here, the ALJ found that Dr. Amin's medical opinion was not applicable to the time period at issue in Plaintiff's appeal. (AR 21.) The Court found that this determination was improper. (Doc. 19 at 11–12.) As discussed above, case law at the time was clear that retrospective medical reports "containing observations made after the period for disability are relevant to assess the claimant's disability." *Smith*, 849 F.2d at 1225. The failure to assess a relevant and applicable medical opinion was contrary to controlling law in this Circuit. *Kirk*, 244 F. Supp. 3d at 1081–82. The Court found that Dr. Amin's opinion was retrospectively offered and relevant to the period at issue, and thus, the persuasiveness of the opinion should have been assessed by the ALJ. (Doc. 19 at 11–12.) Thus, the ALJ's failure to correctly assess a relevant medical opinion was legal error, and Plaintiff was required to file this appeal to seek relief. Because the ALJ's error was clear based on controlling law in this Circuit when the appeal was filed, the Court finds that the government's position was not substantially justified before this Court. *See Li*, 505 F.3d at 921 ("Because at least some flaws in the IJ's and BIA's orders were legal flaws at the time the case was before the Agency, and not due to some later legal or factual development, we cannot say that the government's position was substantially justified at all levels."); *Kirk*, 244 F. Supp. 3d. at 1082 ("[T]he ALJ did not apply the proper legal standard and the Commissioner was not substantially justified in defending the ALJ's errors.").

In sum, the ALJ did not apply the proper legal standards in assessing a relevant medical opinion and Defendant was not substantially justified in defending the ALJ's error. Therefore, the government's position in this matter was not substantially justified. As there are no other special circumstances that would make an award of EAJA fees unjust, the Court finds that Plaintiff is entitled to an award of fees pursuant to the EAJA.

**B.     Plaintiff's Fee Request is Reasonable**

Plaintiff seeks an award of $8,260.06 in EAJA fees, comprised of 35.1 hours of attorney

time, and $402 in costs. (*See* Doc. 21.) Aside from arguing it was substantially justified in defending this matter, as discussed above, Defendant offers no argument that the hours Plaintiff requests are unreasonable, nor does Defendant contest Plaintiff's hourly rate. (*See* Doc. 24.) Defendant also provides a statement of non-opposition to the award of $402.00 in costs. (*Id*. at 2, 7.)

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living. 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147–49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. In accordance with the formula set forth in *Thangaraja*, 428 F.3d at 876–77, the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. The rates are found on that court's website: http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

Plaintiff requests an hourly rate of $234.95 for attorney work performed in 2022, and $242.78 for attorney work performed in 2023. (Doc. 21 at 4.) These rates are consistent with the statutory minimum rates as set forth by the Ninth Circuit. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson*, 239 F.3d at 1145. A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (emphasis in original). The applicant bears the burden of demonstrating the reasonableness of the

fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time was required to spend on the case; after all, [they] won, and might not have, had [they] been more of a slacker." *Moreno*, 534 F.3d at 1112.

According to Plaintiff's motion, the tasks completed by Plaintiff's attorney Jacqueline A. Forslund, Esq. include reviewing the administrative record, drafting Plaintiff's opening brief and reply brief, and preparing the request for fees and costs now pending before the Court. (*See* Doc. 21-3.) After independently reviewing the individual time entries on the timesheet submitted by Plaintiff's attorney (*see id*.), the Court finds that the time expended by counsel to be reasonable. *See, e.g.*, *Ramos v. Kijakazi*, No. 1:22-cv-00007-SKO, 2023 WL 5417523, at *3–4 (E.D. Cal. Aug. 22, 2023) (awarding 33.75 hours as reasonable); *Leu v. Kijakazi*, No. 1:21-cv-01057-GSA, 2022 WL 17542429, at *4 (E.D. Cal. Dec. 8, 2022) (awarding 24.1 hours for pursuing the case to judgment and an additional 6.5 hours for litigating the fee motion, bringing the total award to 30.6 hours); *Gonzales v. Kijakazi*, No. 1:20-cv-01530-SKO, 2022 WL 2539807, at *4 (E.D. Cal. July 7, 2022) (finding 38.4 hours expended reasonable considering the tasks performed by counsel and the results achieved); *Mendoza v. Saul*, No. 1:18-cv-00925-SKO, 2020 WL 406773, at *4 (E.D. Cal. Jan. 24, 2020) (awarding 32.4 hours as reasonable); *Dean v. Astrue*, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (approving 41 hours, noting it was at the upper end, where remand after filing a motion for summary judgment on client's behalf); *see also Costa v. Comm'r of Soc. Sec. Admin*., 690 F.3d 1132, 1136 (9th Cir. 2012) (noting that 20 to 40 hours is the most common range of hours typically sought and granted in Social Security cases).

**C.    Payment of Fees to Plaintiff**

Finally, Defendant requests that any fee award be made to Plaintiff. (Doc. 24 at 7.) *Astrue v. Ratliff*, 560 U.S. 586 (2010) requires fees awarded under the EAJA to be paid directly to the litigant. However, courts in this district routinely order payment directly to counsel so long as the plaintiff does not have a debt that is subject to offset and she assigned her right to EAJA fees to counsel. *See Young v. Berryhill*, No. 2:14–cv–2585–EFB, 2017 WL 4387315, at *3 (E.D. Cal. Oct. 3, 2017) (collecting cases); *accord Mendoza*, 2020 WL 406773, at *5. Here, Plaintiff assigned his

7

right to EAJA fees to his attorney. (Doc. 21-2.) Accordingly, if Plaintiff does not have a debt that is subject to offset, the award of fees may be paid directly to counsel.

### IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff's attorney reasonably expended 33.4 hours at a rate of $234.95 per hour and 1.7 hours at a rate of $242.78 per hour litigating this case.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for attorney's fees and expenses under the EAJA (Doc. 21) is GRANTED;

2. Plaintiff is awarded attorney's fees under the EAJA in the amount of $8,260.06 and costs in the amount of $402.00; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's attorney, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees (*see* Doc. 21-2) and pay fees directly to Plaintiff's counsel.

IT IS SO ORDERED.

Dated:   **September 20, 2023**                    /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE