# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ROBERT VOELKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.  1:22-cv-00301-SKO<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES**<br><br>(Doc. 26) |

On February 5, 2026, Jacqueline A. Forslund ("Counsel"), counsel for Plaintiff Matthew Robert Voelker ("Plaintiff"), filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("section 406(b)").  (Doc. 26).  On February 6, 2026, the Court issued a minute order requiring Plaintiff and the Commissioner to file their responses in opposition or statements of non-opposition to Counsel's motion, if any, in accordance with the Court's Local Rules.  (Doc. 28). Plaintiff and the Commissioner were served with a copy of the motion for attorney's fees.  (*See* Doc. 26 at 5; Docket.)

On February 5, 2026, the Commissioner filed a response, indicating that they "neither support[] nor oppose[] counsel's request for attorney fees in the amount of $21,060.00, under 42 U.S.C. § 406(b)."  (*See* Doc. 27 at 2).  Plaintiff did not file any objection to the motion by the deadline, and no reply brief was filed.  (*See* Docket.)

For the reasons set forth below, Counsel's motion for an award of attorney's fees is granted in the amount of $21,060.

## I.    BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act. (Doc. 1). The Court reversed the Commissioner's denial of benefits and remanded the case to the agency for further proceedings, (Doc. 19), and judgment was entered in favor of Plaintiff and against the Commissioner on April 24, 2023, (Doc. 20). On July 24, 2023, Plaintiff filed a motion for attorney's fees, (Doc. 21), which the Commissioner opposed, (Doc. 24). On September 20, 2023, the Court granted Plaintiff's motion and awarded $8,260.06 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), along with costs pursuant to 28 U.S.C. § 1920 in the amount of $402.00. (Doc. 25).

On remand, the Commissioner found Plaintiff disabled. (Doc. 26-2.) The Commissioner issued a letter approving his claim for benefits and awarding him $98,613 in back payments. (*See* Doc. 26 at 3, Doc. 26-2 at 3). On February 5, 2026, Counsel filed a motion for attorney's fees in the amount of $21,060. (Doc. 26 at 3). It is Counsel's section 406(b) motion for attorney's fees that is currently pending before the Court.

## II.    DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation*, **not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment***, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee

award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807–08).

Here, the fee agreement between Plaintiff and Counsel, signed by both parties, provides:

THE CLIENT authorizes JAF to seek fees from their past due benefits totaling up to 25% of all past due benefits, pursuant to 42 U.S.C. § 406(b), if the CLIENT is awarded benefits by the Court on appeal, or the Social Security Administration after

the Court remands the case to the Social Security Administration for further proceedings.

(Doc. 26-1 (signed March 10, 2022)).

The Court has considered the character of Counsel's representation of Plaintiff and the good results achieved by Counsel, which included an award of benefits.  Counsel spent 35.1 hours representing Plaintiff, ultimately obtaining a favorable decision in that the Commissioner's decision was reversed and remanded to the agency for reconsideration.  (Doc. 26-3 (time sheet accounting for 35.1 hours spent representing Plaintiff before this Court)).  There is no indication that a reduction of the award is warranted due to any substandard performance by Counsel, as Counsel secured a successful result for Plaintiff.  There is also no evidence that Counsel engaged in any dilatory conduct resulting in delay.

Although the accepted range in the Fresno Division for attorneys like Counsel is between $250 and $325 per hour in non-contingency cases*, see Webb v. Cnty. of Stanislaus,* No. 1:19-cv-01716-DAD-EPG, 2022 WL 446050, at *6 (E.D. Cal. Feb. 14, 2022), here the effective hourly rate requested equals $600 per hour for Counsel.  (*See* Doc. 26 at 4).  These hourly rates are not excessive when compared to what the Ninth Circuit has approved in cases involving Social Security contingency fee arrangements.  *See Crawford*, 586 F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09-cv-0490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work); *Villa v. Astrue,* No. CIV-S−06-0846-GGH, 2010 WL 118454, at *1−2 (E.D. Cal. Jan. 7, 2010) (approving section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business").  Further, attorney's fees in the amount of $21,060.00 do not exceed—and are in fact less than—25% of the past-due benefits awarded, (*see* Doc. 26 at 3;

Doc. 26-2 at 3), and are not excessive in relation to the past-due award. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12-cv-01030-AWI-SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12-cv-00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL 587096, at *2 (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500).

In making this determination, the Court recognizes the contingent-fee nature of this case and Counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. (*See* Doc. 26-1). Working efficiently and effectively, Counsel secured success on the merits, remand, and ultimately, the award of substantial benefits to Plaintiff. (*See* Docs. 19, 20, 26-1). An award of attorney's fees pursuant to section 406(b) in the amount of $21,060.00 is, therefore, appropriate.

An award of section 406(b) fees must generally be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff was previously awarded $8,662.06 in fees and expenses pursuant to the EAJA. (Doc. 25). Therefore, Counsel shall refund this amount to Plaintiff.

### III.   CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Counsel pursuant

5

to section 406(b) are reasonable.  Accordingly, IT IS ORDERED that:

1.      Counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $21,060, (Doc. 26), is GRANTED;

2.      Counsel shall refund to Plaintiff $8,662.06 of the fees awarded as an offset for the EAJA fees and costs previously awarded, (Doc. 25); and

3.      Counsel for Plaintiff shall file on the Court's docket proof of service of this order upon Plaintiff at his current or last known address.

IT IS SO ORDERED.

Dated:    **March 9, 2026**                          /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

6